**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-250-RJC-DSC**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ARTURO MARQUEZ-LOPEZ, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

On September 16, 2014, Defendant appeared before the Court for a bond revocation hearing. See doc. 15. Defendant is on supervised release and has a pending violation hearing. He is represented by appointed counsel Roderick Davis. Defendant elected to testify at this hearing. During his testimony, Defendant uttered the phrase "what the f-ck." The Court warned him not to use such language. Later in his testimony, Defendant repeated "f-ck" under his breath. At the conclusion of the hearing, Defendant interrupted the Assistant U.S. Attorney's argument by addressing her and saying out loud "you think this is funny, don't you?"

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e), as amended by the Federal Courts Improvement Act of 2000. Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the

penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty (30) days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised Defendant that he was being held in summary criminal contempt for his language and for interrupting the prosecutor's argument. The Court allowed Defendant and his counsel an opportunity to respond.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for thirty (30) days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 16, 2014

_____
David S. Cayer
United States Magistrate Judge